**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4853**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATON D. HARROWER,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, District Judge. (CR-03-967)

Submitted: January 14, 2005      Decided: January 31, 2005

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Dean A. Eichelberger, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Paton D. Harrower pled guilty to four counts of making false statements on a loan application, 18 U.S.C.A. § 1014 (West Supp. 2004), and was sentenced to five months imprisonment, to be followed by five years supervised release, with five months of home confinement as a special condition of supervised release. Harrower appeals, contending that Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the sentencing guidelines and that the district court thus erred in finding as a fact that his offense involved a scheme to defraud more than one victim and making a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2F1.1(b)(2) (1998). Harrower preserved this issue for appeal by raising it in the district court.

In United States v. Booker, ___ S. Ct. ___, 2005 WL 50108 (U.S. Jan. 12, 2005) (Nos. 04-104/05), the Supreme Court held that Blakely applies to the federal sentencing guidelines and that the guidelines are advisory rather than mandatory. In light of the Court's decision in Booker, we vacate Harrower's sentence and remand the case for resentencing. We grant Harrower's motion to submit on the briefs; the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED